O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL RIVERA,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>CITY OF SANTA ANA et. al.,<br><br>　　　　Defendant(s). | CASE NO. SACV 09-1322 DOC (RNBx)<br><br>**O R D E R GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　　Before the Court is a Motion for Summary Judgment filed by Defendants the City of Santa Ana, Santa Ana Police Officer Francois Nguyen, Santa Ana Police Officer Michael Judson, Santa Ana Police Officer Jessica Quintana, Santa Ana Police Sergeant B. Sadler, Santa Ana Police Officer Ornelas and Santa Ana Police Officer Ruby Rohan (collectively, "Defendants") in the above-captioned case ("Motion for Summary Judgment") (Docket 25). After considering the moving, opposing and replying papers thereon [as well as oral argument], the Court hereby GRANTS in parts and DENIES in part the Motion for Summary Judgment.

　　**I.　　BACKGROUND**

　　　This case arises from a series of alleged altercations that occurred between Plaintiff Juan

Manuel Rivera ("Plaintiff") and several police officers and correctional officers employed by the City of Santa Ana. The specific facts of the case will be discussed below as they relate to the claims brought by Plaintiff. In brief, on June 2, 2008, several police officers arrived at Plaintiff's sister's home in response to a series of 911 calls allegedly placed by Plaintiff reporting suspicious activity by a group of individuals parked outside the home. The suspicious individuals who motivated the 911 calls were never apprehended. Rather, the police arrested Plaintiff. Plaintiff contends that the officers used excessive force against him both during his arrest and during Plaintiff's stay at the Santa Ana Jail. Plaintiff thus brings suit for violation of his federal civil rights under 42 U.S.C. § 1983 as well as for violation of his rights under California law.

## II.   LEGAL STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). When the non-moving party bears the burden of proving the claim or defense at trial, the moving party can meet its burden for summary judgment by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980).

## III.   DISCUSSION

### a.   Claims against Officer Ruby Rohan and Officer Jessica Quintana

As an initial matter, the Court notes that Plaintiff has stipulated to a dismissal of his claims against Officers Ruby Rohan and Jessica Quintana. Pl.'s Opp. at 1 ("Plaintiff stipulates to dismiss this complaint against Defendants RUBY ROHAN and JESSICA QUINTANA as agreed to in the pre-filing meet and confer."). Pursuant to the stipulation, the Court orders the claims against these Defendants DISMISSED.

The Court proceeds to examine the remainder of Defendants' Motion for Summary Judgment.

### b. Claims under 42 U.S.C. § 1983

#### 1. Unlawful Seizure of Person – Individual Defendants

Plaintiff's first cause of action alleges the Defendants violated his fourth amendment right to be free from unlawful arrest. Plaintiff thus brings suit under 42 U.S.C. § 1983 ("Section 1983"). Defendants move for summary judgment.

#### A. Whether A Violation Occurred

A fourth amendment violation occurs when a police officer effectuates an arrest without probable cause. *Cabrera v. Huntington Park*, 139 F.3d 374 (9th Cir. 1998). Probable cause exists when "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). The evidence necessary to establish probable cause falls well below that necessary to sustain a conviction. *Brinegar v. United States*, 338 U.S. 160, 175 (1949). As such, the Fourth Amendment is not violated by an arrest based on probable cause even where, for instance, the police arrest the wrong person. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

In this case, on June 2, 2008 at approximately 12:33 a.m., Santa Ana Police Department ("SAPD") Officers Francois Nguyen ("Nguyen"), Jessica Quintana ("Quintana") and Michael Judson ("Judson") arrived at Plaintiff's sister's residence, in response to a 911 call lodged by Plaintiff. Undisputed Fact from Def.'s Statement of Uncontroverted Facts ("UF"), ¶ 5. Defendants state that the 911 dispatcher described Plaintiff as sounding "very 925" over the

1  phone, which is police code for "very intoxicated."[1]  Def.'s Statement of Uncontroverted Facts
2  ("DF"), ¶¶ 2-3.  Plaintiff contends that he was not intoxicated at the time when he placed the 911
3  calls and that, other than a prescription Vicodin pill taken approximately six hours earlier, he had
4  not imbibed any unnatural substances that day.  Pl.'s Depo. at 35-36 (Plaintiff had taken
5  prescription Vicodin approximately six hours earlier); *id.* at 38-39 (Plaintiff had ingested no
6  other drugs or alcohol).  Plaintiff contends that he did not behave in an intoxicated manner either
7  before or after the officers arrived at the scene.  Plaintiff's sister, a witness to all events, concurs
8  with Plaintiff's description of his behavior.  *See* Depo. of S. Rivera at 30 (stating that Plaintiff
9  was not acting in a manner to suggest intoxication and had not taken drugs in a "very long
10  time.").  Plaintiff was not tested for drugs or alcohol at the police station.

11  Officer Nguyen was the first to make contact with Plaintiff at the scene.  UF, ¶ 6.  The
12  parties disagree as to what occurred next.  According to Defendants, Plaintiff presented as
13  visibly intoxicated and anxious, proving unable to recognize Nguyen, Quintana and Judson as
14  police officers.  DF, ¶¶ 7-9.  Plaintiff avers that the officers approached him with guns drawn
15  and that, as a result, Plaintiff opened his cell phone in order to show the officers that he was not
16  holding a gun.  Pl.'s Depo. at 20; *see also* S. Rivera Depo. at 26, 28 (attesting to the fact that
17  police officers approached Plaintiff with their guns drawn).  Defendants further declare that
18  Plaintiff's sister, Sonia Rivera, had told Officer Quintana that Plaintiff was not acting normally,
19  but was instead acting in a manner that suggested that he had taken drugs.  DF, ¶ 10.  In her
20  deposition, Ms. Rivera denies making any such statement.  Depo. of S. Rivera at 30, 39.  Rather,
21  Ms. Rivera testified that, when asked by Officer Quintana whether Plaintiff appeared to be under
22  the influence of drugs or whether he took drugs regularly, she repeatedly answered in the
23  negative.  *Id.*

24  Based solely on the evidence listed above, Plaintiff was arrested for violation of

---

26  [1]Plaintiff objects to this statement as hearsay.  This out-of-court statement by the
27  dispatch officer will not be received as tending to establish the truth of the matter asserted
   – that Plaintiff sounded intoxicated.  The alleged statement of the dispatch officer,
28  however, bears on the responding officers' states of mind.

1  California Penal Code § 647f, which makes it a crime for any person to be " . . . found in a
2  public place under the influence of intoxicating liquor, any drug, [or] controlled substance . . . in
3  a condition that he or she is unable to exercise care for his or her own safety."[2]  The district
4  attorneys office declined to prosecute Plaintiff.

5        Given the wildly different stories concerning Plaintiff's conduct, the Court finds that
6  genuine issues of material fact are in dispute regarding whether probable cause existed to
7  support Plaintiff's arrest.  The conflicting accounts offered by each party leaves the Court with a
8  classic he-said-she-said scenario.  It must be left to a jury to determine which portions of which
9  witnesses' testimony to accept.  *See Anderson.*, 477 U.S. at 255 ("Credibility determinations, the
10  weighing of the evidence, and the drawing of legitimate inferences from the facts are jury
11  functions, not those of a judge.").  Viewing the evidence in the light most favorable to the non-
12  moving party, as the Court is required to do when deciding a motion for summary judgment,
13  *Diebold*, 369 U.S. at 655, the Court determines that triable issues of fact exist regarding whether
14  Plaintiff's arrest was supported by probable cause.

### B.  Qualified Immunity

16  Even where a constitutional violation has occurred, a police officer is entitled to qualified
17  immunity from suit under Section 1983 where an objectively reasonable officer would not have
18  known that her conduct was unconstitutional under the circumstances of the case.  *Saucier v.*
19  *Katz,* 533 U.S. 194, 202 (2001).  In this case, Defendants have asserted no arguments related to
20  the qualified immunity defense.  Even if they had, it is beyond dispute that the standard of
21  liability for effectuating an arrest without probable cause was clearly established when the
22  events at issue took place.  *See, e.g. Cabrera*, 139 F.3d 374 (a fourth amendment violation
23  occurs when officers arrest a suspect without probable cause); *Smith*, 790 F.2d at 792 (defining
24  probable cause).  The qualified immunity doctrine does not shield Defendants from liability.

### C.  Participation of Each Individual Defendant

---

[2]Ms. Rivera, however, testified in her deposition that when she asked Officer Quintana to name the charge for which her brother was being arrested, Officer Quintana repeatedly responded with the statement, "no charge."  Depo. of S. Rivera at 35-36.

5

1  Not every defendant named in this action, however, may be liable for Plaintiff's unlawful
2  arrest. Plaintiff presents no evidence to indicate that Officer Ornelas, a correctional officer at the
3  Santa Ana Jail, played any role in his arrest. Summary judgment on the unlawful arrest claim
4  must therefore be granted in Officer Ornelas's favor. At the other end of the spectrum, Officer
5  Nguyen admits to participating directly in Plaintiff's arrest. *See* DF, ¶ 11 ("Officer Nguyen
6  handcuffed Plaintiff . . . "). Summary judgment must therefore be denied with respect to this
7  officer.

8  Regarding Officer Judson, there is no dispute that Officer Judson was present at the time
9  of Plaintiff's arrest. *See* UF, ¶ 5. Typically, placing an officer at the scene of an alleged
10 constitutional violation does not suffice to assert individual liability against that officer. *See*
11 *Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002) (rejecting an "inference of individual
12 liability of individual officers based on merely being present at the scene of the [illegal]
13 search."). The Ninth Circuit, however, has recognized that "police officers have a duty to
14 intercede when their fellow officers violate the constitutional rights of a suspect or other
15 citizen," so long as a "realistic opportunity" to intercede existed. *Cunningham v. Gates*, 229
16 F.3d 1271, 1289 (9th Cir. 2000) (internal citations and quotations invented). In light of this
17 principle, Plaintiff may proceed with his unlawful seizure of person claim against Officer
18 Judson.

19 The only remaining individual Defendant is Sergeant Sadler. Sergeant Sadler was not
20 present at the scene of the arrest. The unlawful arrest claim against Sergeant Sadler rests on
21 Sadler's decision to authorize Plaintiff's arrest over the phone. *See* UF, ¶ 12. Sergeant Sadler
22 declares that although he does not remember Plaintiff's arrest specifically, it would have been
23 his custom and practice to allow an officer in the field to contact him via cellular phone in order
24 to advise him of the circumstances surrounding an arrest and to obtain arrest approval. UF, ¶ 13.
25 Plaintiff has presented no evidence regarding what information was relayed to Sergeant Sadler
26 over the phone. In the absence of any such evidence, the most logical inference to be drawn is
27 that the officers in the field recounted a story that gave rise to the existence of probable case. At
28 trial, Plaintiff would bear the burden of showing that Sergeant Sadler was not aware of facts that

1 would allow "a prudent person [to] conclud[e] that there was a fair probability that [the suspect]
2 had committed a crime." *Smith*, 790 F.2d at 792. In light of Plaintiff's failure to present any
3 evidence on the matter, Plaintiff has failed to raise a genuine issue of material fact regarding
4 Sergeant Sadler's liability. *See Musick*, 913 F.2d at 1394 ( ". . . Rule 56 places no evidentiary
5 burden on a moving defendant beyond that which is required for him to prevail at trial.
6 Therefore . . . the moving defendant need provide nothing more than a reference to those
7 materials on file in the case which support the movant's belief that there is an absence of any
8 genuine issues of material fact."). Summary judgment must be entered in Sergeant Sadler's
9 favor on Plaintiff's unlawful seizure of person claim.
10 Summary judgment on Plaintiff's unlawful seizure of person claim under 42 U.S.C. §
11 1983 is therefore GRANTED with respect to Officer Ornelas and Sergeant Sadler and DENIED
12 with respect to Officers Nguyen and Judson.

### 2. Excessive Force Claim – Individual Defendants

14 Plaintiff also brings a claim for excessive force in violation of Section 1983. Defendants
15 move for summary judgment.

#### A. Whether a Violation Occured

17 Claims of excessive force are evaluated under the Fourth Amendment's objective
18 reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Blandford v.*
19 *Sacramento County*, 406 F.3d 1110, 1115 (9th Cir. 2005). "Determining whether the force used
20 to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful
21 balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment
22 interests'against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396.
23 "Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at
24 issue, whether the suspect poses an immediate threat to the safety of the officers or others, and
25 whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Blankenhorn v.*
26 *City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (quoting *Forrester v. City of San Diego*,
27 25F.3d 804, 806 n.2 (9th Cir. 1994). "The 'reasonableness' of a particular use of force must be
28 judged from the perspective of a reasonable officer on the scene, rather than with the 20/20

vision of hindsight." *Id.* "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers'" constitutes a Fourth Amendment violation. *Id*. (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

### i. Excessiveness of the Force

In this case, Plaintiff's Complaint alleges the use of excessive force following his booking at the Santa Ana Jail.[3] Triable issues of fact surround this claim. According to Plaintiff, the altercation at the jail began as Plaintiff was attempting to take his shoes off in order to give them to the inventory officer. Pl.'s Depo. at 51-52. In his deposition testimony, Plaintiff states that the correctional officer responsible for booking him became incensed by Plaintiff's request to shift his position in order to more easily remove his shoes. *Id.* An argument ensued and Plaintiff contends that, during the course of this argument, the correctional officer slammed Plaintiff's head into the side of wall. *Id.*

Plaintiff states that this officer then lead him into another room, where the violence continued. *Id.* at 53-54. Up to five additional officers allegedly entered the room and joined the initial officer in kicking and punching Plaintiff. *Id.* Plaintiff also reports being tasered several times. *Id.* When Plaintiff's sister picked Plaintiff up from the police station the next morning, she reports seeing injuries that corroborate Plaintiff's account of the officers' alleged attacks. Ms. Rivera testified, at her deposition, that Plaintiff could "barely walk," and that he "practically crawled to the car." Depo of S. Rivera at 42. Ms. Rivera observed a bruise next to Plaintiff's eye and noted that his hand was swollen. *Id.* at 46. Ms. Rivera also testified that Plaintiff had

---

[3]In his moving papers, Plaintiff submits that excessive force also occurred at the scene of his arrest. Pl.'s Opp. at 8 ("There are two (2) separate instances of excessive force used against the Plaintiff herein. The first instance is at the time of Plaintiff's arrest."). Plaintiff's Complaint, however, does not plead a theory of liability based on force exerted in effectuating his arrest. On a motion for summary judgment, Plaintiffs' allegations and theories of liability are confined to those found in the operative complaint. *Coleman v. Quaker oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (justifying the rule on the grounds that "[a] complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."). The Court therefore declines to consider Plaintiff's argument that excessive force occurred at the scene of his arrest.

1  trouble speaking and that his tongue looked "completely black." *Id.* Ms. Rivera's concern for
2  her brother led her to take him to the hospital immediately, where Plaintiff underwent a series of
3  X-rays. *Id.* at 42, 48. For the next five days, Ms. Rivera woke Plaintiff up every half hour
4  throughout the night, in accordance with advice allegedly received from the doctor at the
5  hospital. *Id.* at 48.

6        Defendants, for their part, contend that Plaintiff was being combative and that any force
7  used was necessary to subdue him. *See* Decl. of F. Nguyen at 3; Decl. of M. Judson at 3. As is
8  explained at length above, it is beyond the Court's authority to resolve he-said-she-said disputes
9  at the summary judgment stage. Determining whether excessive force was used against Plaintiff
10 at the Santa Ana Jail is the province of a jury. *See Anderson.*, 477 U.S. at 255.

11                                 **ii.     Participation of Each Individual Defendant**

12       Plaintiff reports that, because he had his head down in an attempt to shield it from blows,
13 he cannot offer conclusive testimony regarding the identities of the officers who allegedly
14 attacked him at the Santa Ana Jail. Pl.'s Depo at 52-54. The affidavits provided by Defendants,
15 however, help to resolve some of the mystery. Officer Nguyen and Officer Judson acknowledge
16 that they either participated in (in Officer Nguyen's case) or oversaw (in Officer Judson's case)
17 the altercation that occurred at the Santa Ana Jail. Decl. of F. Nguyen at 3; Decl. of M. Judson
18 at 3. Neither officer, however, reports being the one initially responsible for leading Plaintiff
19 through the booking procedure. All other individual Defendants declare that they neither
20 participated in nor observed any violent exchange between Plaintiff and the officers at the jail.

21       Plaintiff disputes Officer Ornelas's representation that he did not take part in the
22 altercation. In his declaration, Officer Ornelas states that he was taking a meal break at the time
23 when Plaintiff was admitted and that, by the time he returned to the Jail just after 2:00 a.m., the
24 altercation had ended. Decl. of L. Ornelas at 1. In an attempt to shed doubt on this claim,
25 Plaintiff points out that Officer Ornelas's name appears on the Plaintiff's medical intake
26 screening form as well as on Plaintiff's property inventory report. *See* Exhs. 1a, 4 to Decl. of J.
27 Cogorno. The Court notes that no time appears on the medical intake screening form and that
28 the inventory report lists a time of 02:05. *Id.* Plaintiff's evidence shows only that Officer

Ornelas was on duty on the night in question and that he interacted with Plaintiff at some point during his shift. These forms do nothing to contradict Officer Ornelas's representation that he was taking a meal break when the incidents of alleged excessive force occurred. Plaintiff has failed to create a genuine issue of material fact regarding Officer Ornelas's involvement.

Given Officer Nguyen and Officer Judson's acknowledgment of their roles in the altercation, sufficient evidence exists to allow Plaintiff to present his excessive force claims against these officers to a jury. *See Lolli*, 351 F.3d at 417 (allowing claims to survive summary judgment even though Plaintiff was unable to identify which officer delivered which blow, given officers' admissions that they were involved in the altercation); *Cunningham*, 229 F.3d at 1289 (police officers have a duty to intercede when they observe a suspect's constitutional rights being violated). Summary judgment, however, must be granted in favor of all other individual Defendants on Plaintiff's excessive force claim.

### B.     Qualified Immunity

Even where a constitutional violation has occurred, a police officer is entitled to qualified immunity from suit under Section 1983 where an objectively reasonable officer would not have known that her conduct was unconstitutional under the circumstances of the case. *Saucier v. Katz,* 533 U.S. 194, 202 (2001). In this case, Defendants have asserted no arguments related to the qualified immunity defense. Even if they had, it is beyond dispute that the standard of liability for the use of excessive force was clearly established when the events at issue took place. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). The qualified immunity doctrine does not shield Officers Nguyen and Judson from liability.

In light of the above, the Court DENIES Defendants' Motion for Summary Judgment on Plaintiff's excessive force claim with respect to Officers Nguyen and Judson. The Court, however, GRANTS Defendants' Motion for Summary Judgment on Plaintiff's excessive force claim with respect to Officer Ornelas and Sergeant Sadler.

### 3.     Municipal Liability for Plaintiff's Section 1983 Claims

Plaintiff also asserts his Section 1983 claims against the City of Santa Ana. Although Section 1983 does not hold municipalities vicariously liable for the actions of its employees, a

1  municipality may be held liable for unlawful police conduct when that conduct results from a
2  failure of the city to properly train its employees, *City of Canton v. Harris*, 489 U.S. 378, 388
3  (1989), or when the unlawful conduct forms part of the city's custom, policy or practice.
4  *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  Here, Plaintiff has adduced no
5  evidence to show that the City of Santa Ana failed to properly train its police officers or that a
6  custom, policy or practice of unlawful behavior existed within the police department.
7  Defendants, by contrast, have submitted evidence, in the form of a declaration by SAPD Chief
8  Paul M. Walters, regarding efforts taken by the City to ensure that officers are properly trained
9  and that they do not violate civil rights when enforcing the law.  According to Chief Walters, the
10 SAPD performs a thorough civil, criminal and family background check on each person who
11 applies to serve as a police officer.  Decl. of P. Walters, ¶ 6.  Once hired, Chief Walters declares
12 that all members of the SAPD are required to undergo training on, among other things, probable
13 cause for arrest and the proper level of force to be used in a given situation.  Plaintiff has put
14 forth no evidence to contradict Chief Walters' assertions.  Plaintiff has thus failed to create a
15 triable issue of fact regarding whether a basis for municipal liability exists.  The City is entitled
16 to judgment as a matter of law on Plaintiff's claims under Section 1983.
17     The Court thus GRANTS the City's Motion for Summary Judgment on Plaintiff's claims
18 under 42 U.S.C. § 1983.

19           **c.      False Arrest Claim**
20                    **1.      Individual Defendants**
21     Plaintiff's fourth cause of action asserts a claim for false arrest in violation of California
22 state law.  The "essential element" of a false arrest claim under California law is the effectuation
23 of an arrest without probable cause.  *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 167-
24 68 (2007).  The analysis applied to the individual Defendants' motion for summary judgment on
25 Plaintiff's false arrest claim is therefore identical to that applied to the individual Defendants'
26 motion for summary judgment on Plaintiff's claim for unlawful seizure of person under Section
27 1983.  *People v. Memro*, 11 Cal. 4th 786, 843 (1995) ("[T]he standards are identical.")
28     Therefore, for the reasons set forth above, Defendants' Motion for Summary Judgment on

11

Plaintiff's false arrest claim under California law is hereby GRANTED with respect to Officer Ornelas and Sergeant Sadler and DENIED with respect to Officers Nguyen and Judson.

### 2. Municipal Liability

On the issue of municipal liability, California law diverges from federal law. California Government Code § 815.2 provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." This provision of California law "clearly allows for vicarious liability of a public entity" for the unlawful conduct of its police officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007). Plaintiff, therefore, need make no further evidentiary showing in order to proceed on his claims against the City of Santa Ana for false arrest under California law.

The Court thus DENIES Defendants' Motion for Summary Judgment on Plaintiff's false arrest claim with respect to the City of Santa Ana.

### d. Assault and Battery Claims
### 1. Individual Defendants

Plaintiff's fifth and sixth causes of action allege assault and battery under California law. Proving claims for assault and for battery against a police officer effectuating an arrest requires a showing that the officer used unreasonable force. *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (1998). The test applied under California law to determine if the force used was unreasonable is identical to the test applied under federal law. *See Saman v. Robbins*, 173 F.3d 1150, 1156 n.6 (9th Cir.1999) (applying the same standard for excessive force under both federal and California law); *Edson*, 63 Cal. App. 4th at 1273 (citing to the *Graham* reasonableness standard in resolution of state law assault and battery claim against a police officer). In other words, Plaintiff's claims for assault and battery under California law meet the same fate as Plaintiff's Section 1983 claim for unreasonable force under the Fourth Amendment. *See Nelson v. City of Davis*, 709 F.Supp.2d 978, 992 (E.D.Cal. 2010) ("Because the same standards apply to both state law assault and battery and Section 1983 claims premised on constitutionally

prohibited excessive force, the fact that Plaintiff's § 1983 claims under the Fourth Amendment survive summary judgment also mandates that the assault and battery claims similarly survive.").

Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's claims for assault and battery with respect to Officer Ornelas and Sergeant Sadler. The Court DENIES Defendants' Motion for Summary Judgment on Plaintiff's claims for assault and battery with respect to Officers Nguyen and Judson.

### 2. Municipal Liability

California Government Code § 844.6(a)(2) provides immunity to a public entity for any injury to a prisoner. Whether this provision of California law shields the City of Santa Ana from liability for Plaintiff's assault and battery claims turns on whether Plaintiff was a "prisoner" at the time that the alleged assault and battery occurred. In *Holland v. City of San Francisco*, 2010 WL 5071597 (N.D. Cal. 2010), the Northern District of California considered whether a person subject to an unlawful arrest counted as a "prisoner" for purposes of Cal. Gov. Code § 844.6(a)(2) once that person arrived at the jail for booking. After a lengthy discussion of the statutory text and purposes, as well as of previous case law, the Northern District of California resolved this question in the affirmative, stating that any person "brought into a law enforcement facility for the purpose of being booked becomes a prisoner, as a matter of law, upon his initial entry into the facility." *Id.* at *8-10. The instant Court, persuaded by the Northern District's reasoning, follows suit. The City of Santa Ana is therefore immune from liability for any injuries visited on Plaintiff during Plaintiff's time at the Santa Ana Jail. The City is thus entitled to judgment as a matter of law on Plaintiff's assault and battery claims.

The Court therefore GRANTS Defendants' Motion for Summary Judgment on Plaintiff's assault and battery claims with respect to the City of Santa Ana.

### f. Negligent Infliction of Emotional Distress
### 1. Individual Defendants

Plaintiff further brings a claim for negligent infliction of emotional distress. A claim of negligent infliction of emotional distress is not an independent tort, but rather a specific version of the tort of negligence to which the traditional elements of duty, breach of duty, causation, and

damages apply. *Wong v. Tai Jing*, 189 Cal. App. 4th 1354 (2010). To prove a claim for negligent infliction of emotional distress, a plaintiff must show that the emotional distress he suffered was "serious." *Id.* Defendants have advanced no argument regarding Plaintiff's failure to show that a genuine issue of material fact exists with respect to any of the elements of negligent infliction of emotional distress. The Court does note, however, that only the individual Defendants who participated in any of the altercations with Plaintiff may be held liable for this claim.

Defendants' Motion for Summary Judgment is therefore GRANTED on Plaintiff's claim for negligent infliction of emotional distress with respect to Officer Ornelas and Sergeant Sadler. Defendants' Motion for Summary Judgment is DENIED on Plaintiff's claim for negligent infliction of emotional distress with respect to Officers Nguyen and Judson.

### 2. Municipal Liability

As discussed above, Cal. Gov. Code § 844.6(a)(2) shields the City of Santa Ana from liability for injuries that Plaintiff incurred while a "prisoner." Plaintiff, however, did not qualify as a "prisoner" prior to the time when Officers Nguyen and Judson effectuated his arrest. As a result, the City of Santa Ana may not invoke Cal. Gov. Code § 844.6(a)(2) in order to shield itself from liability for a negligent infliction of emotional distress claim based on the officers' allegedly unlawful arrest.

The Court therefore DENIES Defendants' Motion for Summary Judgment on Plaintiff's negligent infliction of emotional distress claim with respect to the City of Santa Ana.

### g. Intentional Infliction of Emotional Distress Claim

### 1. Individual Defendants

With his final cause of action, Plaintiff asserts a claim for intentional infliction of emotional distress. Defendants move for summary judgment on this claim. To recover for intentional infliction of emotional distress, a plaintiff must prove: 1) that the defendant committed extreme and outrageous conduct with the intention of causing, or with the reckless disregard for the probability of causing, emotional distress; 2) that plaintiff suffers from severe or extreme emotional distress; and 3) that defendant's conduct actually and proximately caused

the distress. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993).

The parties disagree as to whether Defendants' conduct in this case may be considered "extreme and outrageous." To be considered extreme and outrageous, a defendant's conduct must be "so extreme as to exceed all bounds of that usually tolerated by a civilized community." *Id*. Whether a defendant's conduct was extreme and outrageous is ordinarily a question for the jury. The Court thus may grant summary judgment only if no reasonable jury could find Defendants' conduct to have been so extreme and outrageous as to warrant recovery. *See Trerice v. Blue Cross of Cal.*, 209 Cal.App.3d 878, 883 (1989). In this case, the Court concludes that reasonable minds may disagree regarding whether Defendants' alleged violent acts at the Santa Ana Jail qualified as extreme and outrageous. Summary judgment is therefore inappropriate.

The Court notes, however, that Plaintiff may not succeed in his intentional infliction of emotional distress claim merely by proving that Defendants' conduct was "unreasonable." *See Nelson v. City of Davis*, 709 F.Supp.2d 978, 993 (E.D.Cal., 2010). Showing that Defendants' conduct was extreme and outrageous will be a much harder task. In addition, once again, only those Defendants who actually participated in the altercations with Plaintiff may be held liable for this claim.

Therefore, the Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's intentional infliction of emotional distress claim with respect to Officer Ornelas and Sergeant Sadler. The Court DENIES Defendants' Motion for Summary Judgment on Plaintiff's intentional infliction of emotional distress claim with respect to Officers Nguyen and Judson.

### 2. Municipal Liability

As discussed above, Cal. Gov. Code § 844.6(a)(2) shields the City of Santa Ana from liability for any injuries that Plaintiff incurred during his time at the Santa Ana Jail. The Court further finds that, although the officers' allegedly unlawful arrest of Plaintiff may have been negligent, no reasonable jury could find that this conduct was "so extreme as to exceed all bounds of that usually tolerated by a civilized community." *Potter*, 6 Cal.4th at 1001. The Court's decision to deny summary judgment on Plaintiff's unlawful seizure of person and false

arrest claim was a close call, in light of the undisputed fact that the 911 operator described Plaintiff as being intoxicated.[4] Given that a showing of "extreme and outrageous" behavior demands significantly more than a showing of "unreasonable" behavior, Plaintiffs have failed to created a genuine issue of material fact regarding whether the officers' allegedly unlawful arrest may support a claim for intentional infliction of emotional distress. *Cf. Briley v. City of Hermosa Beach*, 2008 WL 4443894 at *5 (C.D. Cal. 2008) (finding that "although the [officers] may be liable for their use of excessive force," the complexities of the situation meant that "no reasonable jury could find that their conduct satisfied the 'extreme and outrageous' standard required by the first element of IIED.")

Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's intentional infliction of emotional distress claim is GRANTED with respect to the City of Santa Ana.

**VI.  DISPOSITION**

For the reasons set forth above, the Court hereby DENIES Defendants' Motion for Summary Judgment with respect to all claims asserted against Officer Nguyen and Officer Judson.

The Court GRANTS Defendants' Motion for Summary Judgment with respect to all claims asserted against Officer Ornelas and Sergeant Sadler.

The Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's claims under Section 1983 with respect to the City of Santa Ana. The Court further GRANTS Defendants' Motion for Summary Judgment on Plaintiff's claims for assault, battery, and intentional infliction of emotional distress under California law with respect the City of Santa Ana. The Court DENIES Defendants' Motion for Summary Judgment on Plaintiff's claim for false arrest and for negligent infliction of emotional distress under California law with respect to

---

[4] Once again, the Court cautions that it is not relying on the 911 dispatcher's statement in order to establish the truth of the matter asserted (that Plaintiff was, in fact, intoxicated). This statement, however, bears on the officers' state of mind and thus impacts the Court's evaluation of whether "under the totality of the circumstances **known to the arresting officers**, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Smith*, 790 F.2d at 792.

the City of Santa Ana.

The claims against Officer Rohan and Officer Quintana are DISMISSED pursuant to a stipulation of the parties.

IT IS SO ORDERED.

DATED: February 18, 2011

_____
DAVID O. CARTER
United States District Judge